Todd A. Bromberg (TB 8212)
Wiley Rein LLP
1776 K Street N.W.
Washington, DC 20006
(202) 719-7000
(202) 719-7207 (facsimile)

Beth L. Kaufman (BK 7809)
David B. Gordon (DG 0010)
Shoeman, Updike, & Kaufman LLP
60 East 42nd Street
New York, New York 10165
(212) 661-5030
(212) 687-2123 (facsimile)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
PMC SPECIALTIES GROUP, INC.,

       Plaintiff,

  against                               09 CV 2977 (DGT)(CLP)

KINETIC INDUSTRIES, INC.,         **DECLARATION OF TODD A.
                                                                BROMBERG IN SUPPORT OF
and                                                      ORDER TO SHOW CAUSE AND
                                                        MOTION FOR EXPEDITED
JOHN DOE CORPORATION,           DISCOVERY**

       Defendants.
-----------------------------------------------------x

       TODD A. BROMBERG, hereby declares, under the penalties of perjury:

       1.       I am a partner in the law firm of Wiley Rein LLP, counsel for Plaintiff PMC Specialties Group, Inc. ("PMCSG") in the above-captioned matter.

       2.       This action concerns a dispute regarding the truthfulness of certain statements Defendants have made to the United States Department of Commerce in a letter dated July 9,

2009, and the effect that its publication of these false statements have had in the marketplace for saccharin.

3. PMCSG is a domestic producer of saccharin, an artificial sweetener. The Department of Commerce has determined, as recently as May 2009, that PMCSG represents the entire domestic industry and has maintained an order in place ("antidumping order") for PMCSG's benefit imposing tariffs on saccharin imports from China since July 2003.

4. Because of changed circumstances in the market, PMCSG no longer believes that maintaining the antidumping order is in its best interest, or in the best interest of domestic consumers. Specifically, the antidumping order today effectively prevents PMCSG from obtaining imported saccharin from all possible suppliers and at the best price possible, and has actually put some foreign saccharin producers in a better position than PMCSG with respect to the United States market. PMCSG has therefore asked the Department of Commerce to revoke it.

5. The Department of Commerce is set to initiate a proceeding pertaining to PMCSG's request on July 20, 2009. At that time, where the entire domestic industry seeks revocation of an antidumping order, it would be customary for the Department of Commerce to issue a preliminary determination revoking the antidumping order at the time the review is initiated.

6. Defendants filed letters on July 2, 2009 and July 9, 2009, claiming to be domestic saccharin producers and asking the Department of Commerce to initiate a full review of the propriety of the antidumping order. Defendants also asked the Department of Commerce to decline to issue a preliminary determination revoking the order.

7.     Based on PMCSG's extensive involvement in the saccharin market, it believes that Defendants' contentions are patently false and that they are intended to interfere with PMCSG's actual and prospective business and economic relations by using the pending Department of Commerce proceeding to manipulate the domestic saccharin market.

8.     PMCSG filed this action on July 10, 2009, one day after Defendants submitted their July 9, 2009 letter to the Department of Commerce.  Defendant Kinetic Industries, Inc. ("Kinetic") was served with a copy of the Complaint on July 13, 2009.  The second defendant is an as-of-yet unidentified corporation allegedly toll-producing saccharin for Kinetic, and was a co-party to the July 9 letter.

9.     While PMCSG is aware of the facts forming the basis for its complaint against Defendants, and how Defendants' misrepresentations are interfering with its actual and prospective business and economic relations, Defendants are the only parties that have access to evidence that will demonstrate the truth – or falsity – of the representations they have made about their standing in the marketplace.

10.    The limited expedited discovery sought by this order to show cause is critical to Defendants' ability to name all proper defendants in this action and to move this Court for a preliminary injunction.

11.    Because the likelihood of success on the merits or serious questions going to the merits are required for a preliminary injunction to issue, and because the requested information is targeted specifically towards proving the essential elements of PMCSG's claims, PMCSG believes that expedited discovery is appropriate in order to obtain timely and effective injunctive relief.  Plaintiff's proposed First Set of Interrogatories and Requests for Production of Documents

are attached hereto as "Exhibit A."  A proposed Stipulated Protective Order is attached hereto as "Exhibit B."

12.     PMCSG further believes that it would not be overly burdensome for Defendants to gather the information requested within a relatively short period of time.  As a producer of saccharin, PMCSG is familiar with the kind of documents and information that it is requested from Defendants and knows that those documents and that information should be readily available and can be produced within three business days following issuance of an appropriate order by the court granting expedited discovery.

13.     Pursuant to Local Rule 6.1(d), I certify that PMCSG has not made a prior request for the relief requested.

14.     In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.


DATED: July 14, 2009                             /s/_____
                                                 Todd A. Bromberg (TB 8212)
                                                 Wiley Rein LLP
                                                 1776 K Street N.W.
                                                 Washington, DC 20006
                                                 (202) 719-7000
                                                 (202) 719-7207 (facsimile)
                                                 tbromberg@wileyrein.com

                                                 *Counsel for PMC Specialties Group, Inc.*

**CERTIFICATE OF SERVICE**

      The undersigned counsel hereby certifies that a true and correct copy of the Declaration of Todd A. Bromberg in Support of Order to Show Cause and Motion for Expedited Discovery was served via hand delivery this 14th day of July, 2009 on:

KINETIC INDUSTRIES, INC.,
139-36 58th Avenue
Flushing, NY 11355

and via e-mail on:

Ronald M. Wisla, Esq.
Garvey Schubert Barer
5th Floor
Flour Mill Building
1000 Potomac Street, NW
Washington, DC 20007-3501
T: 202 965 7880
F: 202 965 1729


/s/ _____
Todd A. Bromberg

5