# Exhibit B

Todd A. Bromberg (TB 8212)
Wiley Rein LLP
1776 K Street N.W.
Washington, DC 20006
(202) 719-7000
(202) 719-7207 (facsimile)

Beth L. Kaufman (BK 7809)
David B. Gordon (DG 0010)
Shoeman, Updike, & Kaufman LLP
60 East 42nd Street
New York, New York 10165
(212) 661-5030
(212) 687-2123 (facsimile)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
PMC SPECIALTIES GROUP, INC.,

      Plaintiff,

  against                                    09 CV 2977 (DGT)(CLP)

KINETIC INDUSTRIES, INC.,        **[PROPOSED] STIPULATED**
                                                    **PROTECTIVE ORDER**
and

JOHN DOE CORPORATION,

      Defendants.
-----------------------------------------------------x

**WHEREAS**, certain documents, materials and other information of parties PMC Specialties Group, Inc., Kinetic Industries, Inc., and John Doe Corporation (individually, a "Party," collectively, the "Parties") or other individuals and entities subject to discovery or disclosure in the above-captioned action (the "Litigation") may be claimed to constitute or contain confidential, trade secret, or proprietary commercial information; and

**WHEREAS**, the interests of the Parties, and the proprietary activities in which they are engaged, would be jeopardized if confidential, competitively sensitive materials and information that is produced in the Litigation were disclosed; and

**WHEREAS**, the Parties wish to ensure that any and all proprietary or confidential commercial information that is produced in the Litigation is not disseminated beyond the confines of the Litigation and that certain information is accorded additional protection;

**NOW, THEREFORE,** the Parties hereby stipulate and agree, pursuant to Fed. R. Civ. P. 26(c), and this Court hereby orders as follows:

1. This Stipulated Protective Order (the "Stipulated Order") shall govern the handling and treatment of all confidential, trade secret, or proprietary documents, materials and other information, including deposition testimony and deposition transcripts, that are produced or provided in the course of pre-trial discovery and preparation for trial in the Litigation.

2. Documents produced and testimony given in the Litigation designated as "CONFIDENTIAL" under the provisions of this Stipulated Order shall be used solely for purposes of the preparation and trial of the Litigation, for any related appellate proceeding, and for no other purpose, including without limitation any commercial or business purpose.

3. For purposes of this Stipulated Order, the term "Producing Party" shall mean anyone who produces or discloses information or materials in the Litigation or whose witnesses give deposition testimony.  The term "Receiving Party" shall mean anyone to whom information or materials are produced or disclosed in the Litigation by a Producing Party, or who elicits deposition testimony from a Producing Party.  The term "Designating Party" shall mean anyone who designates documents or information as "CONFIDENTIAL" pursuant to the terms of this Stipulated Order.

4. For purposes of this Stipulated Order, the words "document" and "documents" shall mean all written or electronic documents, data, materials, videotapes, and other tangible items, and all information contained therein or that can be derived therefrom.

5. A Party may designate as "CONFIDENTIAL" any document or information (including discovery responses or portions thereof) which that Party, in good faith, deems to be confidential in nature. Such designation shall be made at the time of delivery of a copy of the document or information to the Receiving Party. The designation "Confidential" shall be made by stamping or writing the words "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on each page of the document or information so designated.

6. Documents or information designated as "CONFIDENTIAL" in accordance with the terms of this Stipulated Order hereinafter are referred to collectively as "CONFIDENTIAL MATERIAL." All CONFIDENTIAL MATERIAL not reduced to documentary or tangible form or which cannot reasonably be designated in the manner set forth in Paragraph 5, *supra*, shall be designated as "CONFIDENTIAL" by informing the Receiving Party of such designation in writing contemporaneous with the production of the CONFIDENTIAL MATERIAL and by labeling the container for such CONFIDENTIAL MATERIAL with the appropriate legend.

7. A non-party to the Litigation (*e.g.*, a third party producing documents pursuant to subpoena) may designate any discoverable documents or information which the non-party, in good faith, deems to be confidential, trade secret, or proprietary in nature, as "CONFIDENTIAL" by means of the procedures described in Paragraph 5, *supra*.

8. Notwithstanding the foregoing, a Party's or participating non-party's inadvertent failure to designate a document or information as CONFIDENTIAL MATERIAL as set forth in Paragraph 5, *supra*, shall not constitute a waiver of any claim that the document or information is

3

entitled to protection under this Stipulated Order.  Any Party or participating non-party may correct any mis-designation, with the effect that the document or information thereafter shall be subject to the protections of this Stipulated Order as if the desired designation originally had been made.  In the event that a belated designation or corrected designation is made, each Receiving Party promptly shall take all reasonable steps to retrieve the relevant material to the extent it has been disclosed to persons who would not be authorized to view it under Paragraph 10, *infra*, shall identify in writing to the Designating Party, those persons, other than authorized persons, to whom documents or information designated as CONFIDENTIAL MATERIAL have been disclosed.

9. A Party or participating non-party may designate any deposition transcript or portion thereof as "CONFIDENTIAL" by so stating on the record or by giving notice in writing to the other Parties and participating non-parties within fourteen (14) calendar days of receipt of the deposition transcript, prior to which time all deposition transcripts shall be treated as CONFIDENTIAL in their entirety.  Whenever CONFIDENTIAL MATERIAL is expected to be disclosed in a deposition, a Party or participating non-party expecting to make a confidentiality designation shall have the right to exclude from attendance at the deposition every person except the deponent, the stenographer, the videographer, and those individuals authorized under Paragraph 10 of this Stipulated Order, *infra,* to receive the CONFIDENTIAL MATERIAL.

10. All documents designated as "CONFIDENTIAL" and any information obtained from such documents shall be retained by counsel, shall be used for the purpose of the Litigation only, and for no other purpose, and shall not be disclosed to any other person; *provided, however, that* documents designated as "CONFIDENTIAL" may be disclosed to the following:

a. outside counsel of record in the Litigation and members, associates and employees of the firms of counsel of record for the Parties, provided that they first execute an acknowledgment agreeing to be bound by the provisions of this Stipulated Order;

b. inside counsel of the Parties who are given access to the documents by counsel for said Party as is reasonably necessary for the purposes of the Litigation and for no other purpose, provided that they first execute an acknowledgment agreeing to be bound by the provisions of this Stipulated Order;

c. the Court, as provided in Paragraph 16, *infra*;

d. independent stenographic personnel, court reporters, videographers, document imaging, database services, or photocopying services providing services in the Litigation;

e. independent graphics or demonstrative services providing services in the Litigation provided that they first execute an acknowledgment agreeing to be bound by the provisions of this Stipulated Order;

f. outside experts or consultants retained by a Party for purposes of the Litigation, provided that they first execute an acknowledgment agreeing to be bound by the provisions of this Stipulated Order;

g. any witness or deponent who may or actually does give testimony in the Litigation, *provided that*: (i) such witness or deponent is the originator, author, or an identified recipient of such CONFIDENTIAL MATERIAL; (ii) such witness or deponent is a current officer, director, or employee of

5

        the Producing Party; (iii) such witness is a former officer, director, or employee of the Producing Party and establishes through testimony that they were an actual originator, author, or recipient of such CONFIDENTIAL MATERIAL; (iv) the Designating Party consents in writing to the disclosure of the CONFIDENTIAL MATERIAL to such witness or deponent; or (v) the Court orders such disclosure; and,

    h.    any other person to whom the Designating Party agrees beforehand, in writing, that disclosure may be made, or to whom the Court determines that disclosure may be made.

11.    Counsel for either party may request that CONFIDENTIAL information produced by the other side be shown to individuals not otherwise approved to receive such information under this Protective Order by specifying the Bates range of the documents and identifying the basis of the need for such disclosure.  The parties shall enter into good faith discussions directed to approving such disclosure and/or agreeing to an appropriately redacted version which may be disclosed while still satisfying the need specified by the Receiving Party.

12.    Counsel for the Parties shall employ reasonable protective measures to ensure that the information and documents governed by this Stipulated Order are used only for the purposes specified herein, and disclosed only to authorized persons.  All CONFIDENTIAL MATERIAL shall be kept in a secure manner by each Receiving Party and by those who are authorized to have access to such material as set forth in Paragraph 10, *supra*.

13.    All CONFIDENTIAL MATERIAL presented to the Court through argument, memoranda, pleadings or otherwise shall be submitted pursuant to this Court's rules for impoundment.  The Designating Party may file whatever papers it deems appropriate in support

of such motion for impoundment. All CONFIDENTIAL MATERIAL that a Party is granted leave to file with the Court shall be submitted under seal by filing the document(s) in a sealed envelope or container bearing a statement substantially in the following form:

CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER ENTERED BY THE COURT

> This envelope is filed by [name of Party] is not to be opened nor the contents thereof displayed or revealed except by further Order of the Court or by agreement of the Parties.

14. If a Receiving Party that has obtained CONFIDENTIAL MATERIAL pursuant to this Stipulated Order: (a) is subpoenaed in another proceeding; (b) is served with a demand in another action to which it is a party; or (c) is served with any other legal process by one not a Party to the Litigation, for the purpose of obtaining the disclosure of such CONFIDENTIAL MATERIAL, that Receiving Party shall give immediate written notice of its receipt of such subpoena, demand or legal process to counsel of record for all Parties to the Litigation and any participating non-party so as to allow any Party or participating non-party. Provided that such notice is given and reviewed, nothing herein shall be construed as requiring any Party or anyone else covered by this Stipulated Order to challenge or appeal any order requiring production of any CONFIDENTIAL MATERIAL, or to subject itself to any penalties for non-compliance with any subpoena, demand or legal process, or to seek any related relief from this or any court.

15. Nothing in this Stipulated Order is intended to determine or affect, in any way, the admissibility at trial of such CONFIDENTIAL MATERIAL. Furthermore, nothing herein shall be deemed to restrict in any manner any Party's dissemination or use of its own CONFIDENTIAL MATERIAL.

16. In the event that any CONFIDENTIAL MATERIAL is, either intentionally or inadvertently, disclosed to someone not authorized to receive such material under this Stipulated

Order, or if a person so authorized breaches any of his or her obligations under this Stipulated Order, counsel of record for the Party or participating non-party involved immediately shall disclose the unauthorized disclosure or breach to the Designating Party's counsel of record, and also shall use his or her best efforts to obtain the return of all copies of the CONFIDENTIAL MATERIAL and to prevent any further disclosures of the same.

17. If a Receiving Party objects to the designation of any document or information as CONFIDENTIAL MATERIAL, the Receiving Party so objecting shall state the objection by letter to counsel of record for the Designating Party, or by letter to the Designating Party directly if no counsel has appeared on their behalf, and copy all counsel of record in this action. After providing this notice of objection, the Parties (and to the extent the challenged designation is made by a participating non-party, such non-party or its counsel) shall confer within three (3) calendar days in an attempt to resolve the dispute regarding the designation of the documents or information. If the Parties (or participating non-parties) are unable to resolve the dispute, the Receiving Party may move the Court to remove the CONFIDENTIAL designation. Until the Court rules on the motion, the relevant documents or information shall continue to be treated by each Receiving Party as CONFIDENTIAL.

18. None of the provisions of the Stipulated Order shall apply to the following categories of information, documents and/or things, and any party may apply to remove the restrictions set forth herein on the document or information designated as CONFIDENTIAL based upon a showing that such documents or information have been:

    a. available to the public prior to their production hereunder;

  b. available to the public after the time of their production through no unauthorized act, or failure to act, on behalf of the Receiving Party, its counsel, representatives or experts;

  c. known to the Receiving Party or shown to have been independently developed by the Receiving Pasty prior to their production herein;

  d. obtained outside of this action by the Receiving Party from the Producing Party without having been designated as CONFIDENTIAL; provided, however, that this provision does not negate any pre-existing obligation of confidentiality;

  e. obtained by the Receiving Party from a non-party having the right to disclose the same; or

  f. previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without obligation of confidentiality and not by inadvertence or mistake.

19. Upon final termination of this action, and exhaustion of all avenues of appeal, each Receiving Party shall assemble and return to the appropriate Producing Party, or destroy and subsequently certify to the Producing Party destruction of, all CONFIDENTIAL MATERIAL (except attorney work product), and all copies thereof, *provided that* nothing herein shall preclude counsel for each Party from retaining one copy of each CONFIDENTIAL document that was attached or identified as an exhibit (i) to a deposition taken in this Litigation, or (ii)to any pleading or paper submitted to the court during the course of this Litigation, or (iii) to a list of exhibits to be used at any trial or hearing in this Litigation, and all such documents shall remain subject to this Stipulated Order.

20. Nothing herein shall prevent a Party from seeking to amend, modify or change the terms of this Stipulated Order, either by means of a signed agreement between all of the Parties (and relevant non-parties, to the extent that their interests are affected) that is submitted to the Court for its approval, or by moving for relief from the Court.

21. Upon execution, this Stipulated Order shall be binding upon the Parties hereto, and upon their respective counsel of record, successors, assigns, subsidiaries, divisions, and employees,.

22. This Stipulated Order is effective immediately and shall survive the conclusion of the Litigation. This Court shall retain jurisdiction for the purpose of enforcing the terms of this Stipulated Order.

AGREED TO BY THE PARTIES:

| PMC SPECIALTIES GROUP, INC. | KINETIC INDUSTRIES, INC.<br><br>and<br><br>JOHN DOE CORPORATION |
|---|---|
| By its attorneys,<br><br>_____<br><br>Todd A. Bromberg (TB 8212)<br>Wiley Rein LLP<br>1776 K Street N.W.<br>Washington, DC 20006<br>(202) 719-7000<br>(202) 719-7207 (facsimile)<br>tbromberg@wileyrein.com<br><br>Beth L. Kaufman (BK 7809)<br>David B. Gordon (DG 0010)<br>Shoeman, Updike, & Kaufman LLP<br>60 East 42nd Street<br>New York, NY 10165 | By their attorneys,<br><br>_____<br>[INSERT] |

10

| | |
|---|---|
| (212) 661-5030<br>(212) 687-2123 (facsimile)<br>bkaufman@shoeman.com | |

**SO ORDERED**
Brooklyn, New York

Dated:  July ____, 2009                                   _____
                                                                                Hon. David G. Trager
                                                                                United States District Court Judge